Mon Low and Quan Suey Hing v. Commissioner. Mon Low v. Commissioner.
Low v. Commissioner
Docket Nos. 40647, 40648.
United States Tax Court
1954 Tax Ct. Memo LEXIS 254; 13 T.C.M. (CCH) 311; T.C.M. (RIA) 54097; March 31, 1954
*254 Petitioners consistently understated their income on their returns for 1944, 1945, and 1946. Petitioner, Mon Low, understated his income on his individual return for 1947; petitioner, Quan Suey Hing, did not appeal from respondent's determination that her income was understated on her individual return for that year. They filed no returns in 1948, 1949, and 1950. Respondent determined deficiencies, and also penalties for failure to file returns and for fraud. Petitioners failed to appear and prosecute their appeal. 1. Held, petitioners having defaulted on their burden of proof, respondent's determination of deficiencies and penalties for failure to file returns is sustained. 2. Held, further, 50 per cent penalty for fraud sustained on the basis of petitioners' consistent understatement of and failure to report income from a partnership, dividends, and trading in stock. Robert G. Harless, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income tax and penalties asserted against Mon Low (hereinafter referred to as the petitioner) and his wife, Quan Suey Hing, as follows: 50%
25%
Year
Deficiency
Penalty
Penalty
1944
$ 5,790.70
$ 2,895.35
None
1945
53,149.46
26,574.73
None
1946
19,116.28
9,558.14
None
1947 * *255 4,302.73
2,151.37
None
1948
7,498.60
3,749.30
$1,874.65
1949
146.00
73.00
36.50
1950
7,193.58
3,596.79
1,798.40
Petitioners failed to appear and prosecute their appeal at the hearing. Having thus defaulted on their burden of proof with respect to the deficiencies, respondent's motion that the Court enter a decision for the deficiencies, as set forth in the deficiency notices, was granted. The remaining issues are: (1) whether petitioners are liable for the 50 per cent fraud penalty as prescribed by section 293(b) of the Internal Revenue Code; and (2) whether petitioners are liable for the 25 per cent penalty under section 291(a) of the Code because of failure to file returns for 1948, 1949, and 1950. Findings of Fact The petitioners were husband and wife, residing in San Francisco, California, during the taxable years here in issue. They filed joint returns for 1944, 1945, and 1946, and separate returns on the community-property basis for 1947 with the collector of internal revenue for the first district of California. No returns were filed by either taxpayer for the years 1948, 1949, or 1950. The income reported by the petitioners *256 for the years 1944 through 1946 and by petitioner, Mon Low, on his individual return on the community-property basis for 1947, together with respondent's determination of their income for these years, and, in addition, for the years 1948, 1949, and 1950, is as follows: Income as
Income as
Reported by
Determined
Year
Petitioners
by Respondent
1944
$4,434.25
$20,418.32
1945
715.31
84,522.37
1946
5,047.51
44,857.82
1947
1,853.98
16,646.65
1948
32,699.13
1949
4,974.98
1950
31,251.63 The petitioner, Mon Low, was born in China in 1903, and was brought to the United States in 1914 by his father. He subsequently made several lengthy visits to China, being there from 1923-1925, 1931-1933, and during 1941, 1946, 1948, and from the Fall of 1950 through the date of the hearing. Three children were born during his marriage to Annie How Yang, from whom he was divorced in 1938. They are: Clifford Poon, Patricia Yang Poon, and Harold Poon. He also has 2 children born during his marriage to his present wife, Quan Suey Hing. They are: Low Jack Sing, also known as David Poon Low; and Low Jack Har, also known as Edmund Low or Har Poon. Petitioner was customarily known in the United States as Harry Poon; and his wife used the *257 names Shuey Hing Qwan, Suey Hing Kwan, and Quan See Hing. While in the United States, the petitioner devoted most of his time to the Pow Sang Company, a Chinese meat market located in San Francisco. It had been established by his father about 1906. Petitioner's father died in 1928; and petitioner became the managing partner of this business about 1936. He continued to manage the business until December 1948, when he left the United States for China. At that time, one Norman Poon became the manager, and operated it until 1950, when it discontinued operations. In his capacity as managing partner, petitioner handled all cash receipts, made the bank deposits, and supervised the bookkeeping. For the years 1944 through 1947, the partnership returns of the Pow Sang Company listed 10 partners, of whom 7 were declared to be inactive. After annual salaries for the active partners, ranging from $1,020 to $2,020 during these years, the balance of the profits was allocated equally among the 10 partners. However, in 1948 petitioner was the only one of the 10 partners who drew a salary. During each of these years, there were listed among the inactive partners petitioner's sons, Low Jack Sing and *258 Low Jack Har; his wife, Quan Suey Hing; and his father, Low Chung. Low Chung had died in 1928. In 1944, Low Jack Sing was 20 years old and Low Jack Har was 12. Both sons were listed as dependents on the joint returns of petitioners for 1944, 1945, and 1946; but their distributive shares of the partnership income were not reported on these returns. The files of the collector's office fail to disclose that either son filed an income tax return for any of the years involved, except that Low Jack Sing filed returns for 1948 and 1949 under the name of David Poon Low, reporting wages from the Pow Sang Company, but no share of partnership profits. The Pow Sang Company reported the following distributive profits of petitioner; his wife, Quan Suey Hing; and his two children, Low Jack Sing, and Low Jack Har; for the years 1944, 1945, 1946, 1947, 1948, and 1949: Quan Suey
Low Jack
Low Jack
Year
Mon Low
Hing
Sing
Har
Total
1944
$1,687.82
$487.81
$487.81
$487.81
$3,151.25
1945
1,871.31
551.30
551.31
551.31
3,525.23
1946
2,183.09
503.08
503.08
503.08
3,692.33
1947
2,362.62
682.61
682.62
682.61
4,410.46
1948
1,997.06
(22.88)
(22.88)
(22.88)
1,928.42
1949
373.86
373.82
373.82
373.82
1,495.32
The following are the amounts reported by the petitioners *259 as their distributive shares of partnership income from the Pow Sang Company for the years 1944 through 1947: Year
Amount
1944
$2,047.81
1945
2,231.30
1946
1,680.00
1947
2,362.62 * On January 19, 1944, petitioner opened a commercial bank account at the American Trust Company in San Francisco. The transactions in that account were as follows: 12/31
Date
Deposits
Withdrawals
Balance
1944
$43,490.00
$39,652.03
$3,837.97
1945
29,000.00
32,663.15
174.82
1946
28,588.00
28,280.56
482.26
1947
None
422.62
59.64
1948
2,700.00
2,727.23
32.41
All deposits in this account were made in currency with the exception of a $1,200 check deposited on June 20, 1945, and, possibly, an unidentified deposit of $3,000 on March 4, 1945. The sums deposited were, for the most part, in even amounts varying from $1,000 to $7,000. An analysis of the checks drawn on the account, from its opening in 1944 until it became inactive in November 1948, shows the only identifiable payees, as follows: Purchase
Davies & Mejia
of Real
(Brokerage
Year
Property
Firm)
1944
$10,507.03
$10,645.00
1945
18,615.41
1946
17,737.50
In July 1944, brokerage accounts *260 were opened with the stock brokerage firm of Davies & Mejia in San Francisco, California (hereinafter referred to as the broker), in the names of Harry Poon, Suey Hing Kwan, Dorothy Poon, and Har Poon. In June 1945, accounts were opened in the names of Mon Low and Shuey Hing Qwan; in October 1945, accounts were opened for Edmund Low, and Patricia Poon; and, in December 1945, one was opened for Clifford Poon. The petitioner controlled all the above accounts. He gave all orders for the purchase and sale of securities, and made all payments on these various accounts. Some of these payments were made by checks drawn on petitioner's bank account at the American Trust Company. Such checks were frequently credited to several of the above brokerage accounts. The volume of trading carried on in these brokerage accounts is illustrated by the following schedule, showing the aggregate amounts paid to the broker and the amounts credited to the accounts by the broker as a result of sales of stock: Paid to
Credited by
Year
Broker
Broker
1944
$12,330.45
None
1945
66,294.37
None
1946
63,029.81
$ 3,275.92
1947
28,217.16
8,721.49
1948
None
111,410.19
1949
None
None
1950
None
109,439.95
On November 29, 1948, the broker issued *261 checks to the following payees, charging them to their respective brokerage accounts: Name of Account
Amount
Mon Low
$ 5,966.27
Harry Poon
2,982.83
Shuey Hing Qwan
6,265.23
Dorothy Poon
596.27
Har Poon
14,924.55
Total
$30,735.15 The checks show that they were negotiated through the American Trust Company. The records of that bank disclose that the checks were used by petitioner to purchase 30 bank drafts on the Chase National Bank, New York, in the amount of $1,000 each. These bank drafts were made payable to his order. Petitioner left the United States for Hong Kong on December 22, 1948. The drafts were all negotiated through Hong Kong, and were paid by the Chase National Bank in February and March of 1949. In June 1950, all remaining stock held in the various accounts was sold. Substantially all the proceeds were reinvested in approximately $100,000 of U.S. Treasury, 2 1/2 per cent bonds during the same month. The petitioner realized substantial net capital gains from his trading in stocks in the years 1946, 1948, and 1950. The returns filed by the petitioners, for the years in issue, report no capital transactions in stocks or bonds, and dividend income is reported only in 1946 and 1947. The *262 office of the collector of internal revenue discloses no record of any returns having been filed in the names of any of the 5 children of petitioners for any of the years involved herein, except for Low Jack Sing. He filed returns in 1948 and 1949 under the name of David Poon Low, reporting only wages from the Pow Sang Company. Respondent determined that petitioners had understated their income for the years 1944, 1945, 1946, and 1947, and failed to file returns for the years 1948, 1949, and 1950. The principal items in his additions to their income were the annual excess of amounts paid to their broker over amounts credited to their accounts by their broker, capital gains realized upon the sale of stock, dividends received, and unreported partnership income as disclosed by the partnership returns. The deficiencies for each of the years in issue are, in part, due to fraud with the intent to evade taxes. Opinion RICE, Judge: By submitting petitions to the Court, the petitioners raised the issue as to the correctness of the various deficiencies and penalties determined by the respondent. The respondent's determination of deficiencies is presumptively correct; and, the petitioners having *263 failed to appear to prosecute their appeal, respondent's motion for judgment on the deficiencies was accordingly granted. Similarly, the burden of proof is on the petitioners as to the 25 per cent penalties, imposed under section 291(a) of the Internal Revenue Code, for their failure to file returns for the years 1948, 1949, and 1950. Having defaulted on this issue as well, these penalties must be upheld. However, on the issue of the 50 per cent penalty for fraud, the respondent has the burden of proof. He must show, by clear and convincing proof, that petitioners fraudulently understated their income with the intent to evade the payment of taxes. The record is convincing that the deficiencies in each f the years in issue are due, at least in part, to fraud with intent to evade taxes. Petitioners consistently failed to report part of their distributive shares of partnership income during the years in which they filed returns; and it was completely omitted in 1948 and 1949 since no returns were filed for these years. The evidence fails to indicate the source of the very large cash deposits made in petitioner's bank account, or of the funds used in stock market operations. But, it is *264 clear from the record as a whole that at least a substantial part of this represents unreported income of the petitioners. It is also clear that petitioner controlled these various brokerage accounts and realized substantial amounts of unreported capital gains and dividend income. The repeated failure to report large amounts of income in successive years is strong evidence of fraud, Charles A. Rogers, 38 B.T.A. 16 (1938), affd. 111 Fed. (2d) 987 (C.A. 6, 1940), and the respondent's determination on this issue is, therefore, sustained. Decision will be entered for the respondent. Footnotes
*. Asserted only against Mon Low. Separate returns were filed for 1947 on the communityproperty basis; and Quan Suey Hing has not contested the deficiency asserted against her for 1947.
*. One-half of this amount reported on community-property basis on individual returns of each of the petitioners for 1947.↩